# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10243
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2017

Lyle W. Cayce
Clerk

RONALD K. WEBB,

Plaintiff - Appellant

v.

EVERHOME MORTGAGE, also known as EverBank,

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:15-CV-192

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff–Appellant Ronald Webb sued Defendant–Appellee Everhome Mortgage for, in relevant part, fraud and breach of contract stemming from Everhome's conduct leading to the foreclosure sale of Webb's home. The district court dismissed Webb's fraud claim and later granted summary judgment on his breach of contract claim. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10243

In 1990, Webb purchased a home in Lubbock, Texas (the property) with a mortgage serviced by the predecessor in interest to Everhome. The mortgage was secured by a deed of trust in favor of Everhome's predecessor in interest, which required Webb to maintain property insurance of his choosing, "subject to [Everhome's] approval which shall not be unreasonably withheld." In 2009, Webb entered into a loan modification agreement with Everhome (together with the deed of trust, the Agreement), which provided, in relevant part, that Webb would comply with all the terms in the deed of trust. In 2010, Webb fell behind on his mortgage payments, and a subsidiary of Everhome acquired title to the property through a foreclosure sale in November 2010. After the sale, Everhome contacted Webb's property insurer, National Lloyds Insurance Co. (National Lloyds), and asked it to cancel Webb's policy because he no longer owned the property.

In January 2011, Webb made a reinstatement payment and, as a consequence, the foreclosure sale was rescinded and Webb's title to the property was restored. In July, Everhome notified Webb that it had not received proof of current property insurance from Webb and requested that he send proof of coverage. After Webb failed to provide proof of coverage, Everhome sent him another notice in August. The August notice further stated that if Webb did not provide proof of coverage, Everhome would order its own coverage, which would result in an increase in Webb's monthly mortgage payment to cover the insurance premium. Webb failed to provide proof of coverage and, as a result, the next month Everhome notified him that his monthly mortgage payment would increase because Everhome had purchased its own policy. However, Webb continued to pay the previous, lower monthly rate. Everhome rejected these payments as improper partial payments, repeatedly notified Webb of the deficiency, and ultimately notified him that he

No. 17-10243

was in default.  After Webb failed to cure, Everhome initiated foreclose, and the property was sold in a foreclosure sale in March 2013.

In August 2015, Webb sued Everhome in Texas state court for, in relevant part, fraud and breach of contract.[1]  Webb alleged that Everhome committed fraud by repeatedly telling him that it had not cancelled his policy with National Lloyds even though, as it later admitted, it had indeed canceled the policy.  And Webb claimed that Everhome breached the Agreement by (1) refusing to reinstate the National Lloyds policy that it had cancelled and (2) wrongfully foreclosing on the property.  Everhome removed the suit, and following Webb's amendment of his complaint, moved to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6).  In November 2015, the district court granted the motion with regard to the fraud claim (and the other claims not renewed on appeal) but denied dismissal on the breach of contract claim. Everhome later moved for summary judgment on the breach of contract claim, which the district court granted in January 2017.  Webb timely appeals.

Webb first challenges the district court's dismissal of his fraud claim.  We review de novo a district court's order granting a motion to dismiss under Rule 12(b)(6), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Warren v. Chesapeake Expl., L.L.C.*, 759 F.3d 413, 415 (5th Cir. 2014).  Generally, to survive a motion to dismiss, the plaintiff must present sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  However, Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard for claims alleging fraud: a party is required to "state with particularity the circumstances constituting fraud."  Accordingly, to survive a

---

[1] Webb's complaint included additional claims, all of which were dismissed by the district court.  Webb does not appeal the dismissal of these claims.

motion to dismiss, a party alleging fraud must, at minimum, plead the "who, what, when, where, and how" of the alleged fraud. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994)). This court "interprets Rule 9(b) strictly, requiring the plaintiff to 'specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.'" *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (quoting *Williams*, 112 F.3d at 177).

Webb's amended complaint does not state a valid fraud claim under Rule 9(b). As the district court noted, Webb's amended complaint does not allege (1) the identity of the individuals who made the allegedly fraudulent statements that Everhome did not cancel the National Lloyds policy; (2) when these statement were made; or (3) where these statements were made. Webb merely alleges that "on more than 12 occasions from January 2011 through August 2012" he spoke with Everhome's "representatives from multiple departments" who told him that Everhome had not cancelled the National Lloyds policy. Indeed, his amended complaint concedes that "[t]he exact date of each conversation and the name of the specific representatives to whom [Webb] spoke is not presently available." Webb argues that these missing details do not warrant dismissal of his fraud claim because they can be easily determined through discovery. However, allowing Webb's insufficient fraud claim to proceed to discovery would defeat the purpose of Rule 9(b)'s heightened pleading standard: to serve as "a gatekeeper to discovery [and] a tool to weed out meritless fraud claims sooner than later." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009). Because Webb failed to plead his fraud claim with the particularity required by Rule 9(b), the district court did not err in dismissing it.

No. 17-10243

Webb next challenges the district court's grant of summary judgment on his breach of contract claim. We review a district court's grant of summary judgment de novo, viewing all facts and evidence in the light most favorable to the non-movant. *Aryain v. Wal-Mart Stores Tex. LP,* 534 F.3d 473, 478 (5th Cir. 2008). Summary judgment is appropriate if, after considering the pleadings, discovery, and affidavits, there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

A contractual breach by the defendant is, of course, a required element of a breach of contract claim under Texas law. *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). Webb alleges that Everhome breached the Agreement in two ways, but both fail to amount to breach. First, Webb claims that Everhome breached its obligation to not unreasonably withhold approval of Webb's chosen property insurer. According to Webb, National Lloyds informed him that, in order to reinstate his insurance policy—which had been cancelled by Everhome after the first foreclosure sale—it needed Everhome to provide proof that Webb owned the property. Webb claims that he repeatedly requested that Everhome provide this documentation to National Lloyds but Everhome declined to do so, which prevented Webb from having the policy reinstated. He argues that Everhome's failure to provide this documentation amounted to a refusal to approve Webb's choice of insurer, in contravention of the terms of the Agreement. However, as the district court noted and Webb conceded, nothing in the Agreement obligated Everhome to provide this documentation. To the contrary, the Agreement places the obligation to obtain property insurance on the insured, subject to Everhome's approval. And Webb did not offer any evidence that Everhome withheld its approval of his choice of Lloyds National; his evidence only showed that Everhome declined to provide Lloyds National with the requested

documentation. In addition, the requested documentation was independently available to Webb, and therefore, Everhome's refusal to provide it did not foreclose his ability to provide it to Lloyds National. Simply put, Everhome's refusal to provide the requested documentation did not amount to a breach of the Agreement.

Second, Webb alleges that Everhome breached the Agreement by wrongfully foreclosing on the property. However, it is undisputed that, at the time of the foreclosure sale, Webb had not been making sufficient payments on his mortgage for over one year and was repeatedly notified of this insufficiency. The Agreement required Webb to make these payments, which could include premiums for insurance obtained by Everhome, in full on a monthly basis. Because Webb failed to make the requisite monthly payments and does not offer any other challenge to the foreclosure, he has not presented any evidence that Everhome breached the Agreement by foreclosing on the property. In sum, Webb failed to offer any evidence that Everhome breached the Agreement, and thus, the district court did not err in granting summary judgment on Webb's breach of contract claim.

The judgment of the district court is AFFIRMED.